**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JANICE PENN | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO: 4:10CV1145 SWW |
| | * | |
| THE UNITED STATES OF AMERICA | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM AND ORDER**

Plaintiff Janice Penn brings this action against Defendant, the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et. seq.*, for damages resulting from the alleged negligence of Robert Lee Williams, an employee of the Central Arkansas Veterans Healthcare System, a component of the United States Department of Veterans Affairs ("VA"). Before the Court are Defendant's motion for summary judgment (docket entries #10, #11, #12), Plaintiff's response (docket entries #17, #18, #19), and Defendant's reply (docket entries #24 and #25). Also before the Court is Plaintiff's request for additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (docket entry #19). After careful consideration and for the reasons stated below, the United States' motion for summary judgment is granted and Plaintiff's request for additional discovery is denied.

**I. Standard of Review**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an

absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is so metaphysical doubt as to the material facts."

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II. Background

The following facts are undisputed.[1] On July 1, 2009 a motor vehicle accident occurred between Plaintiff and Robert L. Williams. At the time of the accident, Mr. Williams was employed by Central Arkansas Veterans Healthcare System, which is a medical center operated by the Veteran's Health Administration ("VHA"). VHA implements the medical assistance program of the VA through the administration and operation of medical centers. Plaintiff alleges that Mr. Williams was acting in the course and scope of his employment when the accident occurred and that the accident was a result of Mr. Williams' negligence. *See* docket entry #1.

On or about August 4, 2009, Plaintiff signed and submitted a Standard Form 95 ("SF-95"), the form prescribed for making claims for damage or injury under the FTCA, claiming damages resulting from the July 1, 2009 accident. *See* docket entry #10 , Ex. A. In part 12d of

---

[1] Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried. "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1(c).

the SF-95, Plaintiff claimed $5,136.42 in total damages. This figure was derived from two estimates from Custom Auto Service and Sears. *See* docket entry #10, Ex. D. Part 12d includes the text, "Failure to specify may cause forfeiture of your rights." Docket entry 10, Ex. A. In part 12a of the SF-95, reserved for the claim amount for property damage, Plaintiff wrote "unknown," and in part 12b, reserved for the claim amount for personal injury, she wrote "unknown at this time." *Id*. On August 10, 2009, the VA sent Plaintiff a letter acknowledging receipt of the SF-95. The letter notified Plaintiff that the VA had six months to review her claim and that Lynne Ravellette was assigned to her case. *See* docket entry #10, Ex. E.

On September 11, 2009, the VA sent Plaintiff a letter notifying her that the evaluation of her claim was completed and that she would be paid $5,136.42 as a settlement. Docket entry #10, Ex. F. The letter also included a Voucher For Payment Under Federal Tort Claims Act and Acceptance by Claimant(s), Standard Form 1145 ("SF-1145"), with instructions for Plaintiff to complete the highlighted portions and return the SF-1145. On September 15, 2009, Plaintiff signed the SF-1145. Docket entry #10, Ex. G.

Subsequently, it was discovered that the VA sent Plaintiff the wrong voucher form because the settlement amount was over $2,500, which required that Plaintiff complete a Judgment Fund Voucher for Payment and Acceptance by Claimant(s), Financial Management Services Form 197 ("FMS Form 197"). *See* docket entry #10, Ex. H. On October 1, 2009 Plaintiff completed the FMS Form 197 and signed the Acceptance by Claimants at the VA Office of Regional Counsel in North Little Rock. Payment was then made to Plaintiff.

On or about November 9, 2009, Plaintiff submitted a second SF-95, seeking $6,000 in property damage and $200,000 in personal damages. Docket entry #1, Ex. A. The VA denied

that claim in writing on April 16, 2010, citing Plaintiff's previous settlement as full and final satisfaction of her claim and a release of any and all claims against the United States arising from the July 1, 2009 incident. Docket entry #1, Ex. B. Plaintiff brought this claim as a result of that denial pursuant to the Federal Tort Claims Acts, 28 U.S.C. 2672, *et. seq.* *See* docket entry #1.

Plaintiff and Defendant disagree over Plaintiff's misunderstanding that she could file a second SF-95 for personal damages and medical expenses after she accepted payment for property damage claimed in her initial SF-95. Plaintiff asserts that Ms. Tijuana D. Griffin,[2] a paralegal in the VA counsel's office, told her "just like you have an accident anywhere else, you would receive two checks and that is what we will do," regarding Plaintiff's ability to file a second claim. *See* Affidavit of Janice Penn, docket entry 17, Ex. A. However, Ms. Griffin and Ms. Ravellette, the attorney assigned to Plaintiff's claim, testify that they each advised Plaintiff on numerous occasions that accepting a settlement for her property damage would preclude her from bringing a second claim for personal damage and medical expenses. *See* Declaration of Lynne Ravellete, docket entry # 10, Ex. B and Declaration of Tijuana D. Griffin, docket entry #10, Ex. C.

Ms. Ravellette testifies that she spoke with Plaintiff on or about September 29, 2009 about amending her initial claim if she wanted to submit claims for medical bills or rental car expenses, and she specifically advised Plaintiff that she should not sign any voucher if she wished to claim any other damages. *See* Docket entry #10, Ex. B, ¶ 7. Ms. Griffin testifies that she advised Ms. Penn on multiple occasions, both in person and over the phone, that she needed

---

[2] Ms. Penn's affidavit refers to Ms. Griffin as Ms. Enlow, as that is how she knew her at the time of the alleged events.

4

to amend her August 4, 2009 SF-95 in order to include any medical or personal expenses. Ms. Griffin states, "Specifically, I explained that if she accepted payment for the property damage to her vehicle, she could not subsequently file another claim for personal injury. In fact, I suggested that she wait to file her claim until she knew the prognosis of her personal injury." Docket entry #10, Ex. C, ¶ 9.

Defendant now moves for summary judgment, asserting that Plaintiff's complaint should be dismissed pursuant to the FTCA, the doctrine of accord and satisfaction, and the affirmative defense of payment. Docket entry #10. In her response to Defendant's motion for summary judgment, Plaintiff states that because of the difference between her account of events and the recollection of Defendant's employees, there is a factual dispute over whether the parties had a "meeting of the minds" sufficient for accord and satisfaction. *See* docket entry #17. Plaintiff cites the divergence between the declarations of Ms. Ravellete and Ms. Griffin and her own affidavit to demonstrate that there was no "meeting of the minds." *See* docket entry #19. Plaintiff also asserts that Defendant's motion for summary judgment is premature, and she requests that the Court allow her to conduct depositions of the parties to the transactions as well as obtain documents "including notes, logs, etc.," pursuant to Federal Rule of Civil Procedure 56(d). *Id.* at 2.

**III. Discussion**

### A. Defendant's Motion for Summary Judgment

#### 1. Affirmative Defense of Accord and Satisfaction

In actions brought under the FTCA, courts are bound to apply the law of the state in which the acts complained of occurred. *See, e.g.*, *Goodman v. United States*, 2 F.3d 291, 292 (8th Cir. 1993). Here, the incident complained of occurred in Arkansas and it is that state's law that will be applied to Plaintiff's claims.

The Supreme Court of Arkansas has defined the affirmative defense of accord and satisfaction as "a settlement in which one party agrees to pay and the other to receive a different consideration or sum less than the amount to which the latter considers himself entitled. The essential elements to prove accord and satisfaction are: (1) proper subject matter; (2) competent parties; (3) an assent or meeting of the minds; and (4) consideration." *Glover v. Woodhaven Homes*, Inc. 346 Ark. 397, 403- 04 (2001). To prove the third element, assent or meeting of the minds, the Defendant must show that there is "an objective indicator that the parties agreed that the payment tendered will discharge the debt." *Id.* at 404.

In this case, the parties dispute whether Defendant has met the third element, meeting of the minds. The Defendant has shown that the motor vehicle accident on July 1, 2009 is the proper subject matter as it is the subject matter of both of the SF-95 forms submitted by Plaintiff and the subject matter of this complaint. Defendant has also shown that both Plaintiff and Defendant are competent parties, and that Plaintiff accepted consideration, specifically $5, 136.42, for the administrative settlement of her initial SF-95 claim. However Plaintiff asserts that because Defendant's employees led her to believe that she could file an additional

claim for her personal damages after accepting the settlement for her property damages, there was no "meeting of the minds."

Viewing the evidence in the light most favorable to Plaintiff, Defendant has established that the parties reached a meeting of the minds with the objective indicia of Plaintiff's initial SF-95 form as well as the FMS Form 197.  Even if, as Plaintiff claims, Defendant's employees led her to believe that she could bring an additional claim, the language of both the SF-95 and the FMS Form 197 objectively indicated that Plaintiff was or should have been aware that accepting the money for her property damage and failing to specify any personal damages would bar future claims.  Generally, one is bound to know the contents of a document that she signed, and if she had the opportunity to read the document before signing, she cannot escape the obligations imposed by the document by merely stating that she did not read it.  *See Alexander v. Flake*, 322 Ark. 239, 246, 910 S.W.2d 190, 194 (1995).

The instructions for the SF-95 clearly state, "If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form."  Docket entry #10, Ex. A.  The instructions further state:

> In support of claims for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.  *Id.*

The instructions also warn, "Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights."  *Id*.  Though Plaintiff wrote "unknown at this time" in the personal expenses section of her original claim because she thought she could file another claim,

the SF-95 clearly states: "Failure to specify [damages] may cause forfeiture of your rights."

Docket entry #10, Ex. A.

The language of the FMS Form 197 also clearly indicated that any additional claim, "known or unknown," would be barred by Plaintiff's acceptance of the administrative settlement. The relevant portion of the FMS Form 197 signed by Plaintiff states:

> Each claimant/plaintiff and his/her guardians, heirs, executors, administrators, and assigns agree to and do accept this settlement in full settlement and satisfaction and release of any and all claims, demands, rights, and causes of action, including without limitation any claims for fees, costs, expenses, survival, or wrongful death, arising from any and all known or unknown, foreseen or unforeseen bodily injuries, personal injuries, death, or damage to property, which they may have or hereafter acquire against the United States of America, its agents, servants, or employees, on account of the subject matter of the administrative claim or suit. *See* Docket Entry #10, Exhibit I.

In signing the release and accepting the $5, 136.42 from for VA, Plaintiff released the Defendant from any further liability.[1]

Plaintiff asserts that Defendant's employees told her that she would be allowed to bring an additional claim. Even when viewing the evidence in the light most favorable to Plaintiff, the language of the SF-95 and FMS Form 197 and Acceptance by Claimant(s) clearly indicated that Plaintiff could not bring any further claims related to the July 1, 2009 incident. As stated above, the Defendant has proved accord and satisfaction, and thus under 28 U.S.C. § 2672, Plaintiff's October 1, 2009 settlement bars any further claims arising out of the July 1, 2009 motor vehicle accident.

### 2. The Federal Torts Claim Act

---

[1] Though the Voucher For Payment Under Federal Tort Claims Act and Acceptance by Claimant(s), Standard Form 1145 initially signed by Plaintiff was discarded, it too had clear language alerting Ms. Penn that by accepting any settlement she was release the United States from any further liability related to the July 1, 2009 accident.

Pursuant to 28 U.S.C. § 2672, "The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter." Courts have held that "[a]s a matter of federal law, an administrative settlement reached pursuant to section 2672 bars further claims by the settling party." *Schwarder v. United States*, 974 F.2d 1118, 1124 (9th Cir. 1992)(holding that though an additional claim by the original plaintiff would have been barred by previous settlement, a subsequent wrongful death claim brought by the deceased's children was not barred).[1]

As discussed above, Plaintiff signed the FMS Form 197 and the Acceptance by Claimant(s) before receiving $5, 136.42 from the VA in settlement of her initial claim for property damages. She is thus barred from bringing this additional claim for personal damages relating to the July 1, 2009 incident under 28 U.S.C. § 2672. That Plaintiff was forfeiting the right to any additional or future claims arising out of the July 1, 2009 accident was abundantly clear from the forms that she signed.

### 3. Affirmative Defense of Payment

Defendant states that, in an abundance of caution, it asserts payment as an affirmative defense as to any claim for property damage to Plaintiff's vehicle. Plaintiff agrees that she is not

---

[1] Following *Schwarder*, in *Johnson v. United States*, the Southern District of California recently held that "Once a claim is favorably adjudicated, claimant cannot pursue a claim against the United States." *Johnson v. United States*, No. 11CV1378 JM(MDD) (S.D. Cal. Feb. 21, 2012). In that case the plaintiff, like Ms. Penn, initially settled an FTCA claim for property damages. There the plaintiff responded "N/A" for her personal injuries on her initial SF 95 and then brought a second for personal damages, claiming that she settled with the mistaken belief that she would be allowed to bring a separate claim for personal injury.

entitled to additional compensation for property damage (Docket Entry #19). Regardless, any such claim would be barred by Plaintiff's settlement under 28 U.S.C. § 2672 as discussed above.

### B. Penn's Request for Additional Discovery Under Rule 56(d)

If the nonmoving party cannot show the existence of a genuine issue for trial because the nonmoving party has not had an adequate opportunity to obtain necessary evidence through discovery, he or she may seek relief under Rule 56(d) of the Federal Rules of Civil Procedure. Under Rule 56(d), formerly Rule 56(f), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [for summary judgment], the court may . . . defer considering the motion or deny it; . . . or issue any other appropriate order." Fed. R. Civ. P. 56(d).

A motion under Rule 56(d), however, "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)("Rule 56(f) does not condone a fishing expedition.")

In support of her request under 56(d), Plaintiff states that "depositions should be taken of the parties to the transaction(s) and documents produced, including notes, logs, etc."[2] Docket entry #19, at 2. The Court finds that Plaintiff has failed to provide specific facts explaining how further discovery will enable her to overcome Defendant's motion for summary judgment. Plaintiff does not allege that the Settlement Agreement was procured by fraud or any other

---

[2]Plaintiff requests additional discovery under Federal Rule of Civil Procedure 56(f). The correct subsection is 56(d).

circumstances that would void the settlement agreement for unilateral mistake. Plaintiff fails to specify any information to be obtained that could establish grounds for releasing Plaintiff from the agreement. Plaintiff claims that it is difficult to be more specific in her request for additional discovery "when nearly none has take place to this point" without demonstrating any triable issue of material fact. Docket Entry # 19 at 2. Accordingly, the Court grants the Defendant's motion for summary judgment and denies the Plaintiff's request for additional discovery pursuant to 56(d).

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment (docket entry #10) is GRANTED. Pursuant to the judgment entered with the order, Plaintiffs claim pursuant to the Federal Torts Claim Act is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's request for additional discovery (Docket entry #17) is DENIED.

IT IS SO ORDERED THIS 16th DAY OF AUGUST, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE